UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| REGINALD LEATHERWOOD, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:10-CR-7-PLR-CCS-1 |
| | ) | | 3:12-CV-218-PLR |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM AND ORDER

Before the Court are Petitioner's two pro se requests to amend his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, to include a request for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) [Docs. 40, 51]. On September 29, 2015, this Court entered a memorandum opinion and judgment order denying the grounds for relief raised in the original petition, but reserving ruling on Petitioner's requests for leave to amend until a later date [Docs. 42, 43]. For the following reasons, both motions are **DENIED**.

I.  BACKGROUND

On January 1, 2010, law enforcement officers witnessed Petitioner walk onto the front porch of his home, shot several rounds of ammunition from a firearm, and walk back to his home [Doc. 20 ¶ 4]. He subsequently plead guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [Docs. 19; Doc. 20 ¶ 1], "knowingly and voluntarily waiv[ing] the right to file any motion or pleadings pursuant to 28 U.S.C. § 2255," exception those raising "claims of ineffective assistance of counsel or prosecutorial misconduct" [Doc. 20 ¶ 10(b)].

At the time, he had several prior convictions, including: a 1997 federal conviction for distributing cocaine [Presentence Investigation Report ("PSR") ¶ 35], a 1997 Tennessee

conviction for possessing cocaine for resale [Id. ¶ 36], and two 1997 Tennessee convictions for aggravated assault [*Id.* at 37]. As a result of those convictions, the United States Probation Office deemed, and Petitioner agreed in his plea agreement, that Petitioner qualified as an armed career criminal subject to an enhanced fifteen year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) [Doc. 20 ¶ 1; PSR ¶ 26]. The Court sentenced Petitioner to a 180-month term of incarceration on April 25, 2011 [Doc. 25].

No appeal was taken and, as a result, Petitioner's conviction became final for purposes of § 2255(f)(1) on May 9, 2011, at the expiration of time to appeal. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. Proc. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . judgment.").

Less than one year later—on May 3, 2012—Petitioner submitted his original motion for collateral relief, relying on numerous theories of ineffective assistance of counsel [Doc. 28]. On June 26, 2015, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague. Within a year, Petitioner submitted the first of what the Court interprets as two motions for leave to amend the original petition to challenge his armed career criminal designation in light of *Johnson* [Docs. 40, 51]. The Court denied the original petition on September 29, 2015, but reserved judgment on the requests to amend [Docs. 42, 43].

II.   **ANALYSIS**

While it is true that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the

2

moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1965)).

Both of Petitioner's motions to amend contain, share a singular ground for collateral relief—requesting vacatur of his ACCA-enhanced sentence in light of *Johnson* [Docs. 40, 51].

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). Only the third portion of the above definition—the residual clause—was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015). Nor does *Johnson* disrupt the use of a defendant's prior serious drug offenses as an independent form of ACCA predicate

3

conviction. *See, e.g.*, *United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *9–13 (E.D. Mich. Sept. 20, 2015) (noting that *Johnson* does not affect a defendant's categorization as an armed career criminal based on his or her prior serious drug offenses).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether a particular offense qualifies as a violent felony under any of the prongs of the above definition, courts must first identify the precise crime of conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). They do so by employing a "categorical approach," under which it looks "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283. When the conviction involves violation of a "divisible" statute—one which comprises multiple, alternative versions of the crime—courts resort to the "modified categorical approach" under which they "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281.

As an initial matter, the Court notes that one of the four convictions designated as a predicate offense supporting ACCA enhancement was a federal conviction for distribution of cocaine and another was a Tennessee conviction for possession of cocaine for resale [PSR ¶¶ 35, 36]. Both qualify as "serious drug offenses;" the former because it is a crime under the

4

Controlled Substance Act, 21 U.S.C. § 801, et. seq., that carries a maximum term of imprisonment of ten years or more, 18 U.S.C. § 924(e)(2)(A)(i), and the latter because, as a Class B violation of Tennessee Code Annotated § 39-17-417(a), the offense involved the possession of a controlled substance with intent to distribute and carried a maximum potential penalty of thirty years' imprisonment under Tennessee Code Annotated § 40-35-111(b)(2). *Johnson* is not applicable. *See, e.g.*, *United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* "irrelevant" where enhancement stemmed from drug offenses).

At the time Petitioner committed his aggravated assault offenses [PSR ¶ 37], Tennessee defined the crime as follows:

> (a) A person commits aggravated assault who:
>
>> (1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and;
>>
>>> (A) Causes serious bodily injury to another; or
>>>
>>> (B) Uses or displays a deadly weapon; or
>>
>> (2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and:
>>
>>> (A) Causes serious bodily injury to another; or
>>>
>>> (B) Uses or displays a deadly weapon
>
> (b) A person commits aggravated assault who, being the parent or custodian of a child or the custodian of an adult, intentionally or knowingly fails or refuses to protect such child or adult from an aggravated assault as defined in subdivision (a)(1) or aggravated child abuse as defined in § 39-15-302
>
> (c) A person commits aggravated assault who, after having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual or individuals, intentionally or knowingly attempts to cause or causes bodily injury or commits or attempts to commit an assault against such individual or individuals.

5

Tenn. Code Ann. § 39-13-102 (1997). The statute went on to specify that a violation of "subdivision (a)(1) [was] a Class C felony," and that violation of "subdivision (a)(2) [was] a Class D felony." Tenn. Code Ann. § 39-13-102(d)(1) (1997).

The statute is divisible because it lists several different variants of the offense. *See, e.g.*, *United States v. Cooper*, 739 F.3d 873, 879 (6th Cir. 2014) (recognizing that Tenn. Code Ann. § 39-13-102 "can be offended in a number of ways"). The judgments for Petitioner's two 1997 aggravated assault offenses indicate that he was convicted of Class C variants of the offense— Tenn. Code Ann. § 39-13-102(a)(1) [Docs. 46-1, 46-2; PSR ¶ 37 (demonstrating that Petitioner's conduct constituted an aggravated assault under Tennessee Code Annotated § 39-13-102(a)(1), as opposed to §§ 39-13-102(b) or (c))]. Because violations of Tennessee Code Annotated § 39-13-102(a)(1) categorically involve the intentional or knowing use or threatened use of violent force, *see* Tenn. Code Ann. § 39-11-106(5)(1995) (defining "deadly weapon" as either "a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or . . . [a]nything that in the manner of its use or intended use is capable of causing death or serious bodily injury"); *see also United States v. Arender*, 560 F. App'x 648, 649 (8th Cir. 2014) (finding that a Tennessee aggravated assault conviction based on display of a deadly weapon had "as an element the threatened use of physical force[,] . . . capable of causing pain or injury"), Petitioner has failed to establish that his sentence was improperly enhanced.

IV. **CONCLUSION**

For the reasons discussed, Petitioner's motions to amend [Docs. 40, 51] are **DENIED**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**